UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TOYWELL MITCHELL,              )
   Plaintiff,                  )
                               )
vs.                            )        No. 16-4012
                               )
SALVADOR GODINEZ, et.al.,      )
   Defendants                  )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, alleges his constitutional rights were violated at Hill Correctional Center by nine Defendants including former Illinois Department of Corrections (IDOC) Director Salvador Godinez, Warden Kevwe Akpore, Illinois Department of Corrections Medical Director Dr. Louis Schicker, Healthcare Unit Administrator Lois Lindorf, Dr. Kul Sood, Wexford Healthsource, Inc., Counselor Sherry Shultz, Grievance Officer Steve Gans and Administrative Review Board Member Sherry Benton.

Plaintiff says he has suffered with a hernia for more than six years and the Defendants have denied him adequate medical care leaving him to suffer in pain.  The Court first notes the Plaintiff has not adequately stated claims against many of the named Defendants.  For instance, Plaintiff has named the IDOC Director and the Warden because they are each responsible for the overall operation of the correctional center or medical care, but Plaintiff has failed to state how

1

they were specifically involved in his allegations.  A defendant cannot be held liable under 42 USC §1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982).  A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976).  In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Furthermore, the fact that an individual denied Plaintiff's grievance or refused to consider a grievance as untimely is not sufficient to state liability.  See *George v. Smith,* 507 F.3d 605, 609–10 (7th Cir.2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); *see also Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006).  Finally, Director  Godinez, Warden Akapore, Counselor Schultz, Grievance Officer Gans and Administrative Review Board Member Benton were not medical  providers. The Seventh Circuit has "previously stated that if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir.  2005); *see also Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011).  In this case, the Plaintiff admits each of the Defendants did follow-up to make sure the medical department responded to his complaints.  Therefore, the Court must dismiss Defendants IDOC Director Salvador Godinez, Warden Kevwe Akpore, Counselor Sherry Shultz, Grievance Officer Steve Gans and Administrative Review Board Member Sherry Benton.

Plaintiff has adequately alleged the remaining four Defendants, Dr. Kul Sood, Dr. Louis Shicker, Louis Lindorff and Wexford, violated his Eighth Amendment rights when they were deliberately indifferent to Plaintiff's hernia pain. For instance, Plaintiff has outlined the repeated dates he informed Dr. Kul Sood he was in pain and needed additional treatment. Nonetheless, the doctor has refused surgery leaving the Plaintiff to suffer with daily pain for more than six years. Plaintiff has also adequately alleged he informed Medical Director Dr. Louis Schnicker, and Healthcare Unit Administrator Lois Lindorf about his continued hernia pain. Both responded, but refused to take any further action. Finally, Plaintiff alleges Wexford has a policy and practice of refusing surgery for inmates who suffer with hernia pain.

The Plaintiff further alleges Defendants violated his First and Fourteenth Amendment rights and violated his Eighth Amendment rights based on his living conditions. However, Plaintiff's complaint does not provide any factual support for any allegation beyond his Eighth Amendment claim based on the denial of medical care.

Finally, Plaintiff has also filed a motion for appointment of counsel.[4] Although there is no right to court appointed counsel in federal civil litigation, district courts may ask attorneys to represent indigent litigants on a volunteer basis. *See* 28 U.S.C. § 1915(e)(1).

> Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), *reh'g denied* (May 16, 2014)

In deciding this issue, district courts must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319,

322 (7th Cir. 1993). In this case, Plaintiff has demonstrated at least some attempt to find counsel on his own. Therefore, the court must move on to the second inquiry involving the Plaintiff's ability to litigate his claims.

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." *Pruitt,* 503 F.3d at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010), *quoting* Pruitt, 503 F.3d at 656.

Plaintiff states he has a high school diploma and will be limited in his ability to litigate his claims due to his incarceration. However, based upon a review Plaintiff's complaint, the Court concludes that Plaintiff is competent to litigate his own case at this point. Though the case appears to involve what may be a complex medical condition, Plaintiff's complaint is literate and on-point, coherently setting forth the factual basis of his claims and describing in detail the pain he experienced and the Defendants' responses to his pleas. Through simple discovery requests Plaintiff should be able obtain his medical records to corroborate his medical problems. Plaintiff should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Furthermore, once the Defendants have been served, the Court will enter a scheduling order providing relevant information to assist a pro se

litigant and requiring the parties to provide relevant discovery. Accordingly, based on the limited information available in the record at this early stage, the motion is denied.[4]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: 1) Dr. Kul Sood, Dr. Louis Shicker, and Louis Lindorff violated Plaintiff's Eighth Amendment rights when they were deliberately indifferent to Plaintiff's hernia pain or denied surgery for more than six years; and, 2)Wexford was deliberately indifferent to Plaintiff's serious medical condition based on a policy or practice of refusing surgery for inmates who suffer with hernia pain. Only the claim against Wexford is an official capacity claim. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff,

the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Defendants IDOC Director Salvador Godinez, Warden Kevwe Akpore, Counselor Sherry Shultz, Grievance Officer Steve Gans and Administrative Review Board Member Sherry Benton for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [4]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 31st day of May, 2016.

                         s/ Michael M. Mihm
                 _____
                       MICHAEL M. MIHM
                UNITED STATES DISTRICT JUDGE